**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK PRINCE, | ) | |
| | ) | Case No. 18 C 2952 |
| *Plaintiff*, | ) | |
| | ) | Hon. John Z. Lee, |
| *v.* | ) | District Judge |
| | ) | |
| KRISTON KATO, *et al.*, | ) | Hon. Sunil R. Harjani, |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS DEFENDANTS
HAVE RECEIVED IN RESPONSE TO THIRD-PARTY SUBPOENAS**

Plaintiff, PATRICK PRINCE, by his attorneys, pursuant to Federal Rule of Civil

Procedure 37, respectfully moves the Court for an order requiring Defendants to produce

documents they have received in response to their Rule 45 subpoenas in this matter, stating in

support as follows:

**INTRODUCTION**

This motion concerns a recurring and expensive issue in federal civil rights cases litigated

in this District. Defendants have refused to respond to a Rule 34 request for production from

Plaintiff, which asks Defendants to produce all documents they have received in response to

Rule 45 subpoenas that they have served on third-parties. Despite the fact that Defendants

possess these documents, they will not send them to Plaintiff. Instead, they have directed

Plaintiff to obtain them from a third-party vendor at the price of approximately 50 cents per

page. In total, Plaintiff would have to pay thousands of dollars to receive electronic copies of

documents that Defendants already possess.

There is no justification under the Federal Rules of Civil Procedure for imposing this sort

of cost on an opposing party (or for enriching a third-party vendor) in federal litigation. In fact,

Defendants' approach is directly contrary to Rule 1, which provides that the Rules "should be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. This Court should compel Defendants to respond to Plaintiff's request for production and to produce documents they have received in response to their third-party subpoenas in this case.

## BACKGROUND

As is customary in federal civil rights cases, Plaintiff in this case has served a Rule 34 request for production on all Defendants, asking Defendants to produce "[a]ll Documents obtained via third party subpoena in this litigation . . . ." Exhibit A (Plaintiff's First Set of Requests for Production to All Defendants) at 5 (No. 33). Defendants have served more than two dozen subpoenas on third-parties in discovery so far, collectively seeking the production of thousands of pages of documents. Exhibit B (Defendants' Subpoenas).

Typically, a party will respond to such a request by producing the documents they have received in response to third-party subpoenas. The vast majority of subpoena responses are provided by the subpoenaed third-party without cost to the party who serves the subpoena, and where the subpoenaed third-party does impose some cost, it is minimal. Moreover, in the modern age, most documents are stored by parties and third-parties electronically, so that they can be produced with the push of a button.

In this case, Defendants have responded to Plaintiff's request to produce documents that are responsive to subpoenas by saying that they "will provide notice of any records subpoenas and make any responsive documents available to Plaintiff, consistent with the Federal Rules of Civil Procedure." Exhibit C (Individual Defendants' Response to Plaintiff's Request for Production to All Defendants) at 11 (No. 33). Pursuant to the Rules, Plaintiff has asked

Defendants to produce the responsive documents. Defendants have refused to do so. Exhibit D (Rule 37 Correspondence between the Parties).

Instead, Defendants have instructed Plaintiff that, if he wants copies of the documents, he should pay a third-party vendor called Record Copy Service (RCS) for those copies. Defendants have apparently contracted with RCS to administer their subpoenas sent to third-parties. Plaintiff contacted RCS to inquire about production of the documents. RCS advised that production of the documents to Plaintiff would cost Plaintiff approximately 50 cents per page, or thousands of dollars in total based on the documents produced in response to Defendants' subpoenas so far.

Plaintiff conferred with Defendants on the issue, by email and in a conference call, explaining that it is unfair and legally unsound to require Plaintiff to pay a third-party vendor for documents that Defendants already possess. Defendants have taken the position that the Rules do not require them to produce those documents, and that instead they can satisfy Rule 34's inspection requirement by providing for Plaintiff to buy the documents from a third-party vendor. The parties are at impasse, requiring this motion. See Exhibit D.

## DISCUSSION

While it is the prerogative of the City of Chicago and the attorneys it employs to contract with vendors to assist in litigation, it cannot require an opposing party to pay exorbitant sums to its vendors for documents that Defendants are required to produce under the Federal Rules. Put simply, Defendants are refusing to produce documents they possess and instead seek to have Plaintiff pay a company unrelated to the litigation for those documents. If such an approach were countenanced, it would quickly accelerate the costs of federal litigation, rendering access to the courts even further out of reach for civil rights plaintiffs. The Federal Rules plainly prohibit Defendants' approach.

Rule 34 requires a party responding to a request for production to either permit inspection or produce copies of requested documents in the party's possession, custody, or control. FED. R. CIV. P. 34(b)(2)(B); see also Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project ¶ (c) (describing the manner in which parties are required to produce hard-copy and electronic files in their possession). There is no dispute that Defendants have received responses to their subpoenas and now possess the documents that Plaintiff is requesting. And Defendants have not produced those documents or permitted Plaintiff to inspect the documents in their possession. Instead, they have said that Plaintiff should pay a third-party vendor for copies of the documents, at a significantly inflated price. Nothing in Rule 34 authorizes such a procedure.

In fact, nothing in the Federal Rules authorizes Defendants' proposed procedure. On the contrary, the Supreme Court noted in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978), that, under the discovery rules, "the presumption is that the responding party must bear the expense of complying with discovery requests," unless there is some undue burden or expense. See also FED. R. CIV. P. 26, Advisory Committee Note, 2015 Amendment (noting that, while Rule 26 allows for protective order allocating the expense of disclosure or discovery, that provision "does not imply that cost-shifting should become a common practice. Courts and parties should continue to assume that a responding party ordinarily bears the costs of responding."). In this instance, there is no undue expense imposed on Defendants by requiring them to produce documents already in their possession—that is the baseline expectation in all federal litigation. Moreover, it was Defendants, not Plaintiff, who decided that it was necessary to discover the documents that they chose to subpoena, and so Defendants cannot argue that Plaintiff has imposed *any* burden on them.[1] Finally, to the extent that Defendants possess

---

[1] It is telling that Defendants have not moved for an order under Rule 26 requiring cost-shifting, which is the usual procedure where one party is concerned that discovery requests impose an undue cost.

electronic versions of the documents they subpoenaed, there is no argument that producing those documents to Plaintiff electronically imposes any burden at all—undue or otherwise.

Moreover, it is established law that a party who possesses or controls documents must produce them, even if those same documents are also in the possession of a third-party, such as the third-party vendor that Defendants used to send subpoenas and receive responsive documents. 8B Wright, et al., Federal Practice & Procedure § 2208 (3d ed. Nov. 2018 update) ("[A] party cannot immunize a document from inspection by turning it over to a nonparty so long as it remains in the party's control."). Accordingly, Defendants cannot point to a third-party who possesses documents that they also possess and require Plaintiff to obtain documents from that third-party instead of from Defendants. Consider if Defendants, instead of taking their current position, had refused to produce documents they had obtained via subpoena and had demanded that Plaintiff subpoena the same documents himself with a second subpoena. That position would be equally as untenable as the position Defendants have taken.

Defendants' demand that Plaintiff pay a third-party vendor for documents already in their possession is also antithetical to Rule 1's emphasis on the "inexpensive determination of every action and proceeding." In fact, Defendants' approach represents a completely unnecessary escalation of litigation costs. Most third-parties who receive subpoenas respond without imposing any cost on the party who serves the subpoena. So in most cases, Defendants' approach would introduce a litigation expense that otherwise would not exist. In some situations, a third-party who faces a subpoena that calls for a burdensome response will ask the subpoenaing party to bear all or part of the cost, which typically results in the parties having some discussion about whether cost-sharing is appropriate in light of the documents sought. Even in that circumstance,

---

Defendants have not done so here because they have no basis on which to obtain such an order. Instead, they have simply refused to produce responsive documents.

Defendants' approach would impose an entirely separate and additional cost in the litigation: the third-party vendor Defendants are using does not alleviate the cost faced by the third-party responding to the subpoena; instead, it adds an extra, unnecessary cost for sending the subpoena and receiving the responsive documents. Accordingly, in all circumstances Defendants' approach increases the cost of litigation without any basis.

Moreover, while Defendants are entitled to contract out tasks relating to litigation to vendors, and to pay those vendors for their services, they cannot require the opposing party to bear part of the cost of that choice. *E.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (explaining that the "'American Rule' prohibits fee shifting in most cases"). Plaintiff in no way consented to hire a third-party vendor to perform the largely ministerial task of serving subpoenas on third-parties and receiving documents in response. Particularly not at the exorbitant cost that Defendants and RCS intend to impose. If Defendants' position were accepted, then parties to federal litigation could enrich third-party vendors in a great number of cases, imposing unnecessary and enormous costs on litigants.

Civil rights litigation is already expensive, and many civil rights plaintiffs lack the financial means to pay litigation expenses. Systematically imposing a completely unnecessary cost on plaintiffs will further close the courthouse doors to meritorious civil rights claims. For that reason as well, the Court should categorically reject Defendants' position.

## CONCLUSION

For all of the foregoing reasons, Defendants' position is improper under the Federal Rules. This Court should compel Defendants to produce documents in their possession that they have received in response to their third-party subpoenas.

RESPECTFULLY SUBMITTED,

/s/ Steven Art
*One of Plaintiff's Attorneys*

Jon Loevy
Steven Art
David B. Owens
Scott Drury
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
(312) 243-5900
steve@loevy.com

7

**CERTIFICATE OF SERVICE**

I, Steven Art, an attorney, hereby certify that on April 3, 2019, I served the foregoing

MOTION TO COMPEL PRODUCTION OF DOCUMENTS DEFENDANTS HAVE

RECEIVED IN RESPONSE TO THIRD-PARTY SUBPOENAS using the Court's CM/ECF

system, which effected service on all counsel of record.

/s/ Steven Art
*One of Plaintiff's Attorneys*

Jon Loevy
Steven Art
David B. Owens
Scott Drury
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
(312) 243-5900
steve@loevy.com

8