# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICK PRINCE,<br><br>      Plaintiff,<br>v.<br><br>KRISTON KATO *et al*,<br><br>      Defendant. | Case No. 18-cv-2952<br><br>Magistrate Judge Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for a Protective Order [107] and Defendant City of Chicago's Cross-Motion for a Protective Order [118]. The parties' dispute primarily pertains to the treatment of the Chicago Police Department's Complaint Register files (CR files) and Plaintiff's ability to publicly disseminate them. A CR file is created whenever a person complains about a Chicago police officer. CR files may contain the City's investigation of and response to the complaint, and may also reflect any discipline or other corrective action taken against an officer. Plaintiff proposes entry of the Court's model protective order, which does not explicitly address CR files. Doc. [107-1]. Alternatively, Plaintiff moves for entry of a protective order that would require the City to produce two sets of CR files: one redacted for public release and the other unredacted to be treated confidentially. Doc. [107-2] at 4. In contrast, the City's proposed order would treat CR files produced in discovery as confidential, and would require Plaintiff to file a separate non-judicial request under the Illinois Freedom of Information Act (IFOIA), 5 ILCS 140/1 *et seq.*, to obtain redacted copies for public release. Doc. [119-4]. To effectuate this, the City's proposed order provides:

> 18. Public Disclosure of Documents Designated "Confidential."
> This Order prohibits the disclosure of any document designated as a "confidential" subject to the limitations of Section 4(b). Any party

> or counsel seeking to use or disclose confidential information for any reason other than for purposes of this litigation, including for public disclosure, will not use the documents designated as "Confidential" but shall instead comply with the requirements set forth under the Illinois Freedom of Information Act ("IFOIA"), 5 ILCS 140/et. seq., to obtain the desired documents from the proper public body.

Doc. [119-4] at 11-12. For the reasons that follow, the City's cross-motion [118] is granted and Plaintiff's motion [107] is denied. Within 7 days of the entry of this Opinion, the parties shall submit a revised protective order consistent with this order to the Court for its review and entry.

## I. BACKGROUND

This Section 1983 lawsuit alleges that due to Defendant Chicago Police officers' misconduct, including fabricating a false confession, Plaintiff was wrongly convicted and served 25 years in prison for a crime that he did not commit. The lawsuit further alleges that Defendants' interrogation of Plaintiff was an example of an established practice in the City of Chicago of securing involuntary incriminating statements from innocent criminal suspects with illegal interrogation tactics. Plaintiff also alleges the City did not properly supervise or discipline police officers such that officer misconduct was both unchecked and encouraged.

## II. LEGAL STANDARD

For good cause, the court may limit the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). "Absent a protective order, parties to a lawsuit may disseminate materials obtained during discovery as they see fit." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.

1994) (internal citation omitted); *Jackson v. City of Chicago*, No. 14-cv-6746, 2017 WL 5478308, at *1 (N.D. Ill. Nov. 14, 2017). Although the public has a presumptive right to access discovery materials that are *filed* with the court, "the same is not true of materials produced during discovery but not filed with the court." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999) ("pretrial discovery, unlike the trial itself, is usually conducted in private.").

To determine whether a party has shown good cause for the requested protective order, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order. *See, e.g.*, *Jackson*, 2017 WL 5478308, at *1 (citing *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. Apr. 8, 2011)). The party requesting a protective order – even if both parties agree that one should be entered – bears the burden to show that good cause exists for it under Rule 26. *See Jepson*, 30 F.3d at 858; *see also Central States, Se. & Sw. Areas Pension Fund v. Nat'l Lumber Co.*, 2012 WL 2863478, at *2 (N.D. Ill. July 11, 2012) (internal citation omitted).

"Courts in this district have long struggled with the confidentiality of CR files and have reached differing conclusions." *Sierra v. Guevara, et al.*, Doc. 118 (N.D. Ill. June 7, 2019) (citing *Calhoun v. City of Chi.*, 273 F.R.D. 421, 423 (N.D. Ill. 2011)). However, a degree of clarity was brought to this question in March 2014 when an Illinois Appellate Court held that CR files are not exempt from disclosure under IFOIA, 5 ILCS 140/1 *et seq.*, meaning that the public may now obtain them outside of the discovery process. *Kalven v. City of Chi.*, 2014 IL App (1st) 121846, at ¶ 22 (2014) (vacated on other grounds); *see also Sierra*, 1:18-cv-3029, Doc. 118 at 3 ("The Illinois Appellate Court made clear that Plaintiff may obtain redacted CR files through an IFOIA request.").

Indeed, post-*Kalven*, federal judges in this district have entered confidentiality orders like the one proposed by the City -- allowing confidential treatment of CR files produced in discovery with the understanding that the public would be able to obtain redacted versions of the same documents under IFOIA. *See, e.g.*, *Mendez v. City of Chi.*, 18-cv-5560, Docs. [76-1 and 80] (N.D. Ill. April 3, 2019); *Bailey v. City of Chi.*, 19-cv-197, Doc. 58-59, (N.D. Ill. June 12, 2019); *Maysonet v. Guerva et al.,* 18-CV-2342, Docs. No. 42 and 44 (N.D. Ill. August 14, 2018); *Serrano v. Guevara et al.*, 17-CV-2869, Doc. 116 (N.D. Ill. October 2, 2018).[1]

Nevertheless, post-*Kalven*, federal judges in this district have also entered confidentiality orders like Plaintiff's proposed orders. *See, e.g.*, *Sierra*, 1:18-cv-3029, Doc. 118 at 3 (ordering the City to produce CR files with the same redactions allowed under IFOIA where Plaintiff had already received the unredacted CR files from Defendants); *Jackson*, No. 14-cv-6746, 2017 WL 5478303, at *2 ("In the wake of *Kalven*, several judges in this district have ruled that a blanket order forbidding dissemination of the contents of CR files to third parties cannot be justified."); *Jacobs v. City of Chicago*, No. 14-cv-5335, 2015 WL 231792, at *2 (N.D. Ill. Jan. 16, 2015) (issuing a modified protective order to cover certain sensitive, private information contained in CR files that establishes parameters for the public release of redacted CR documents for purposes other than the applicable lawsuit).

---

[1] The Court also notes two similar confidentiality orders entered by this Court in *Deleon-Reyes v. Guevara et. al.*, 18-cv-1028, Docs. 149-50 (N.D. Ill. February 12, 2019) (Harjani, J.) and *Solache v. Guevara et al.*, 18-cv-2312, Docs 79-80 (N.D. Ill. February 11-12, 2019) (Harjani, J.). Like the instant lawsuit, *Deleon-Reyes* and *Solache* involve allegations that the City systemically failed to discipline police officers. Like the City here requests, the *Reyes*/*Solache* confidentiality orders provide that any party or counsel seeking to use or disclose "confidential information for any reason other than for purposes of this litigation . . . will not use the documents designated as 'Confidential' but shall instead comply with the requirements set forth under the Illinois Freedom of Information Act . . . to obtain the desired documents from the proper public body." *Reyes*, 18-cv-1028, Doc. 150 at 11; *Solache*, 18-cv-2312, Doc. 80 at 11.

### III.     DISCUSSION

As previewed above, the issue here is not *whether* Plaintiff can receive CR files. Rather, it is *how* Plaintiff should obtain CR files that they may publicly release: through discovery proceedings governed by the Federal Rules of Civil Procedure *or* through a separate non-judicial request made pursuant to IFOIA. The answer as to *how* Plaintiff should obtain these documents may be guided by a protective order to be placed in this case.

Rule 26(c)(1) requires this Court to analyze whether good-cause exists to enter a protective order. Fed. R. Civ. P. 26(c)(1). This requires a case-specific balancing of all the facts and circumstances, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order. *See, e.g.*, *Jackson*, 2017 WL 5478308, at *1 (citing *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. Apr. 8, 2011)).

Courts in this district have properly found good cause to require confidential treatment of CR files where the City was agreeable to provide redacted versions through IFOIA to be used for purposes unrelated to the lawsuit, such as public dissemination. For example, in *Bailey*, another Section 1983 lawsuit involving police misconduct, the Court ordered CR files be produced pursuant to a confidentiality order while explicitly noting that Plaintiff would have to obtain copies of those CR files through the IFOIA process should they desire to publicly release them. *Bailey*, 19-cv-197, Doc. 58 ("Copies of CR files, with redactions . . . will be produced to the plaintiffs in discovery and may be used only for this litigation. To the extent that the plaintiffs seek to disseminate CR files to third parties not bound by the protective order, they must obtain copies of those files through the IFOIA process."). The district judge presiding in this case came to a similar conclusion in another case dealing with allegations that involving police officer misconduct and discipline. *Mendez*, 18-cv-5560, Doc. 80 (N.D. Ill. April 3, 2019) (Lee, J). Like *Bailey*, *Mendez*'s

confidentiality order required CR files produced in litigation be treated as confidential, providing that any "party or counsel seeking to use or disclose confidential information for any reason other than for purposes of this litigation, including for public disclosure, will not use the documents designated as 'Confidential' but shall instead comply with the requirements set forth under [IFOIA] . . . to obtain the desired documents from the proper public body." *Mendez*, 18-cv-5560, Doc. 76-1 at 11 (N.D. Ill. March 29, 2019) (proposed order), *entered and granted*, 18-cv-5560, Doc. 80 (N.D. Ill. April 3, 2019) (Lee, J).

This Court comes to the same conclusion as *Mendez* and *Bailey*. The Court notes that disclosure and public scrutiny of these documents is important because these documents concern the important public service of policing. But the importance of disclosure through *this* litigation is undermined where the City has represented that it would follow *Kalven* and disclose redacted versions of these CR files to anyone who submits a request through the non-judicial IFOIA process. Doc. [118] at 5-6; 5 ILCS 140/1 *et seq.*; *Kalven v. City of Chi.*, 2014 IL App (1st) 121846, at ¶ 22 (2014) (vacated on other grounds); *see also Sierra*, 1:18-cv-3029, Doc. 118 at 3 ("The Illinois Appellate Court made clear that Plaintiff may obtain redacted CR files through an IFOIA request.").[2]

Plaintiff desires to compare CR files produced in this litigation to productions in other lawsuits to ensure that the City's production in this case is complete, Doc. [107] at 11, but, for course, Plaintiff can still do this with copies of CR files obtained confidentially within this litigation. Plaintiff also desires to use the facts underlying the CR files to speak to third party witnesses or otherwise use to prove their allegations, but again, Plaintiff can use these materials for purposes of this litigation. The Court also finds Plaintiff's argument that it wishes to use the

---

[2] The City states that it has already produced 99 CR files involving the individual defendants consisting of about 6,074 pages, however it is unclear whether these CR files were redacted pursuant to IFOIA. Doc. [118] at 5.

documents obtained here in other cases unpersuasive. Either the parties can agree to non-confidential treatment if that matter arises, or the Plaintiff can obtain those documents through the discovery process in the other litigation. The purpose of discovery here is to illuminate the claims and defenses in *this* litigation.

Thus, weighing the importance of disclosure and any potential harms as analyzed above, the City's request for confidential treatment over CR files yields minimal (if any) negative impact to Plaintiff and the public especially since the City is agreeable to disclose redacted ones following an IFOIA request. Thus, the City's cross-motion for entry of a confidential protective order is granted. Upon entry of a protective order, the City shall produce responsive CR files to be treated as confidential, with redactions limited as set forth in Doc. [119-4] at ¶ 5, to be used only for purposes of this litigation.

**B.      Paragraph 1**

The parties disagree as to whether a portion of Paragraph 1 to the City's proposed protective order should be incorporated in the confidentiality order. Doc. [119-4] at 2. The language at issue provides that the scope of confidential information will include:

> employment, disciplinary, or other information that is of a sensitive or non-public nature regarding plaintiffs, defendants, non-party witnesses, non-party employees of the City of Chicago – such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave as well as personal and family information for police officers, including residential information.

Doc. [119-4] at 1-2; *see also* Doc. [118] at 11.

First, the Court notes that the district judge presiding in this case has previously entered a virtually identical confidential protective order in a similar case. *See Mendez*, 18-cv-5560, Doc. 76-1 at 1-2 (N.D. Ill. March 29, 2019) (proposed order), *entered and granted*, 18-cv-5560, Doc.

80 (N.D. Ill. April 3, 2019) (Lee, J). Additionally, there is good cause to include this paragraph as it seeks to protect sensitive employment and disciplinary information about *all* parties and witnesses, and public dissemination of these materials can be harmful to reputations and impact privacy concerns. As a safeguard, the proposed order also provides a mechanism by which to challenge the confidential treatment on a case-by-case basis, and the Court can ultimately decide this issue. Thus, the Court grants the City's request to incorporate the above block-quoted language in Paragraph 1 of the protective order.

### C. Paragraph 2(c)

The parties also disagree on whether the following paragraph, as proposed by the City, should be included into the confidentiality order:

> If documents were produced without the protections of any confidentiality order, it is presumed that the documents are not confidential, but any party can file a motion in this case asking the Court to deem said documents confidential. Upon written notice to all parties that a party will be seeking that the Court deem certain documents confidential, all parties will treat those documents as confidential until such time as the Court resolves the motion.

Doc. [118] at 13. Again, this paragraph was included in the *Mendez* confidentiality order. *See Mendez*, 18-cv-5560, Doc. 76-1 at 3 (proposed order), *entered and granted*, 18-cv-5560, Doc. 80. The Court grants the City's request to incorporate this language in a confidentiality order because it merely provides a process by which to deal with an inadvertent production, does not make any determinations of whether those documents are confidential, and simply allows the parties to motion the court to make that determination.

### D. Paragraph 5

The City's proposed confidentiality order additionally seeks to incorporate a paragraph that would specifically define the personal identifying information to be redacted from confidential documents. Such information includes social security numbers; dates of birth; information

8

covered by the Juvenile Court Act; and references to a current or former individual police officer's information such as home address, phone number, email address, and the names of an officer's family members and insurance beneficiaries. *See* Doc. [119-4] at 6-7. Virtually identical language has previously been incorporated in a confidentiality order by the district judge in a similar case. *See Mendez*, 18-cv-5560, Doc. 76-1 at 6 (proposed order), *entered and granted*, 18-cv-5560, Doc. 80. The Court considers this type of sensitive, personal identifying information reasonably necessary and appropriate to protect in this discovery production – for example, social security numbers or names of the officer's family members have no relevance to the underlying issues. To the extent that Plaintiff seeks to obtain this information for a discovery-related purpose of investigating and locating potential witnesses, the City's attorneys are willing to "meet and confer to discuss providing additional contact information to help locate that witness." Doc. [118] at 14. The Court accepts that representation. The Court grants the City's request to incorporate the Paragraph 5 language found at Doc. [119-4] at 6.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a protective order, Doc. [107], is denied and the City's cross-motion for a protective order is granted. Doc. [118]. Within 7 days of the entry of this Opinion, the parties shall submit a revised protective order consistent with this Opinion to the Court's Proposed Order Box at Proposed_Order_Harjani@ilnd.uscourts.gov for the Court's review and entry, if appropriate. Upon entry of the protective order, the City shall produce

CR files, with redactions limited as set forth in Doc. [119-4] at ¶ 5, to be treated as confidential and used only for purposes of this litigation.

**SO ORDERED.**

Dated: July 30, 2019

_____
Sunil R. Harjani
United States Magistrate Judge