IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK PRINCE,<br><br>Plaintiff,<br><br>v.<br><br>KRISTON KATO, et al.,<br><br>Defendants. | Case No. 18 C 2952<br><br>Magistrate Judge Sunil R. Harjani |

## ORDER

Currently before the Court is Plaintiff's Motion for a Protective Order [301].

This case involves a Section 1983 lawsuit alleging that due to Defendants' conduct, including fabricating a false confession, Plaintiff was wrongly convicted of murder and served 25 years in prison for a crime that he did not commit. Williams was Plaintiff's co-defendant during the murder trial, and he was convicted for his role in providing the firearm Plaintiff used in the alleged murder. Defendants intend to depose Williams in this case about the alleged murder, but also about two recent pending charges that involve his possession of a weapon. Plaintiff here moves for a protective order to prevent this questioning.[1]

A protective order may be entered for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party requesting a protective order bears the burden to show that good cause exists for it under Rule 26. *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994); *see also Central States, Se. & Sw. Areas Pension Fund v. Nat'l Lumber Co.*, 2012 WL 2863478, at *2 (N.D. Ill. July 11, 2012). Further, Rule 26(c) confers broad discretion on courts to decide when a protective order is appropriate and what degree of protection is required. *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007); *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.,* 335 F.R.D. 536, 537 (N.D. Ill. 2020).

In support of his motion, Plaintiff presents three arguments why a protective order should be entered: (1) Williams's Fifth Amendment right to silence should preclude Defendants from asking him about his current firearms possession charge; (2) Williams's testimony about his current predicament is irrelevant and will be inadmissible propensity evidence under Federal Rules

---

[1] Although not mentioned in the response brief, the Court notes the unusual procedural posture – Williams has not directly objected to the questioning. *See* Fed. R. Civ. P. 45(d). Rather, Patrick Prince has brought this motion to prevent the questioning, and although he is entitled to do so under Rule 26(c), claims about Fifth Amendment rights appear better suited to be brought directly by the witness who seeks to invoke that right.

of Evidence 404(b); and (3) Defendants' questions regarding Williams's pending criminal charges will lead to harassment. For the reasons that follow, Plaintiff's Motion for a Protective Order is granted in part and denied in part.

I. **Fifth Amendment**

Plaintiff argues that Williams's Fifth Amendment right should preclude Defendants from inquiring into Williams's current criminal charges. Doc. [301] at 5. A party or witness in civil litigation may assert the right to remain silent under the Fifth Amendment if his answer may incriminate him in a future criminal proceeding. *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972); *Nat'l Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924, 926 (7th Cir. 1983). If the opposing party disagrees that the party or witness rightfully invoked that privilege, it may seek a court order pursuant to Rule 37(a) to compel a response. Fed. R. Civ. P. 37(a); *see also DeLeon-Reyes v Guevara*, 2020 WL 5800727 (N.D. Ill. Sept. 29, 2020). Therefore, Williams can invoke the Fifth Amendment in response to Defendants' questions that he believes may incriminate him in his pending criminal matters, and Defendants can challenge the invocation at a later time, if they so desire. What Plaintiff really seeks here is to prevent Defendants from even asking the questions at Williams's deposition, before he has even had the opportunity to invoke his Fifth Amendment rights. However, the law requires that the witness actually invoke the Fifth Amendment on specific questions presented to him that he believes may tend to incriminate, rather than make a broad and blanket claim about incrimination. *See Shakman v. Democratic Org. of Cook Cty.,* 920 F. Supp. 2d 881, 888 (N.D. Ill. 2013).

Plaintiff also claims that good cause exists for a protective order because Williams's Fifth Amendment invocation could result in an adverse inference in civil matters. Doc [301] at 6. First, this argument is premature because to the Court's knowledge, Williams is not a Plaintiff in a pending civil matter and Plaintiff has provided no information to the Court to suggest otherwise. Second, adverse inferences against a plaintiff as a result of a *witness's* Fifth Amendment invocation has limited applicability, and appears unlikely here on a matter not directly related to the allegations of the Complaint as well as considering the relationship between Prince and Williams. *See Sebastian v. City of Chicago*, 2008 WL 2875255, at *33 (N.D. Ill. Jul. 24, 2008) ("Most courts that have imputed an adverse Fifth Amendment inference from a nonparty to a party have done so where there is a close family relationship between the party and the nonparty or a business relationship, such as an agency or employer-employee relationship."). Third, an adverse inference is permissive, and not mandatory. *Evan v. City of Chicago*, 513 F.3d 735, 740 (7th Cir. 2008). Thus, whether to permit an adverse inference will be a decision for the trial judge at a later time, and Plaintiff may both seek to exclude any testimony about the recent gun charges, as well as challenge any request of an adverse inference, if one is even made by Defendants.

As a result, the fact that Williams may invoke the Fifth Amendment at his deposition, standing alone, is insufficient to demonstrate good cause for a protective order.

## II. Relevance

Next, Plaintiff argues that a protective order is necessary because any testimony from Williams about his ongoing criminal proceedings is both irrelevant and will be inadmissible propensity evidence. Doc. [301] at 8-9. Notably, Plaintiff's reliance on the admissibility of testimony from Williams's deposition at this stage of discovery is misplaced because information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Nonetheless, in response to Plaintiff, Defendants' claim that their desire to inquire into Williams's current firearms charges is unrelated to propensity. Defendants argue that they should be permitted to explore how Williams gained access to a gun in 2020 and 2021, the types of weapons he possessed, where he stored them, and why he had them. Doc. [305] at 4. All of these facts, according to Defendants, may inform on his alleged possession of a weapon and provision of a gun to Plaintiff in 1991.

Rule 404 of the Federal Rules of Evidence is a character evidence rule that prohibits a party from offering evidence of a crime, wrong, or other act, to show that merely because the person committed a wrong in the past, the person had the propensity to commit the wrong at issue in the litigation. *DeLeon-Reyes v. Guevara*, No. 18 CV 1028, 2020 WL 1429521, at *2 (N.D. Ill. Mar. 18, 2020). However, the proponent of Rule 404(b) evidence may be allowed to use such evidence if it can establish relevance to a permitted purpose, such as proving motive, opportunity, intent, and identity, "through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014). Defendants here will be unable to establish that Williams's alleged recent firearm possession is admissible through a permitted purpose unless they are allowed to question Williams about the alleged incident at his deposition. Put another way, Defendants' must be permitted to at least gather facts from Williams in order to craft an admissibility argument to the district judge prior to trial. The fact that there is a significant time gap between the alleged murder and the recent gun charges is something the district judge will no doubt consider in deciding the admissibility of the evidence. But the Court cannot put the cart before the horse – discovery comes before admissibility. Both incidents allegedly involved possession of firearms by the same individual, and Defendants have proffered a non-propensity argument that it seeks to explore. That is sufficient to permit some limited discovery into this matter so Defendants can obtain a factual record to potentially seek (or not seek) admissibility at a later time.[2] *See Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, 2013 WL 5348377, at *6 (N.D. Ill. Sept. 24, 2013) ("It is part and parcel of the discovery process for parties to make discovery requests without knowing what they will get, or indeed, whether they will get anything at all. In that sense, most discovery involves an element of 'fishing.'").

## III. Harrasment

Finally, Plaintiff argues that a protective order should be granted because Defendants' only purpose for questioning Williams about his ongoing criminal proceedings is to harass him. Doc.

---

[2] Defendants' other argument as a basis for the questioning -- that if convicted, Williams's conviction may be admissible under Rule 609 -- is not well-taken. As Defendants presumably know, impeachment by prior conviction under Rule 609 generally does not permit the questioner on cross-examination to delve into the underlying facts of the crime. Thus, a deposition on the underlying facts is unnecessary for an eventual Rule 609 admissibility argument.

[301] at 7. Plaintiff suggests Williams will have to repeatedly invoke the Fifth Amendment because Defendants' counsel will aggressively question him about his pending criminal charges, resulting in harassment, and he claims this has occurred before in another deposition. When good cause for a protective order is shown through a "particular and specific demonstration of fact," *see Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 (1981), Rule 26(c) confers broad discretion on courts to decide if a protective order is appropriate and what degree of protection is required. *Seattle Times Co.,* 467 U.S. at 36; *Ball Corp. v. Air Tech of Michigan, Inc.,* 329 F.R.D. 599, 603 (N.D. Ind. 2019). Here, Plaintiff states that Defendants' counsel intends to question Williams about his ongoing criminal gun charges to "get under his skin" or to otherwise inflame his emotions. Doc [301] at 7.

The Court need not delve into whether this situation has occurred in previous settings. Rather, there is an easy solution to this concern pursuant to the Court's broad authority to craft protective orders under Rule 26(c). To prevent any potential harassment at Williams's deposition, the Court limits Defendants to five questions on each of Williams's ongoing criminal gun charges if Williams decides to invoke the Fifth Amendment. Five questions on each charge will be sufficient for Defendants to be sure that Williams is indeed invoking his Fifth Amendment right, and that Defendants will not be obtaining any substantive testimony about the recent criminal charges. Also, a grand total of ten questions will not disrupt the deposition, take an excessive amount of time, or cause the type of harassment or embarrassment that Plaintiff fears. And if Williams does not invoke the Fifth Amendment and chooses to answer questions, then Plaintiff's concern about harassment in repeatedly having to invoke the Fifth Amendment no longer exists Defendants may then inquire into this area without limitation.

For the above reasons, Plaintiff's Motion [301] is granted in part and denied in part.

**SO ORDERED.**

Dated: March 28, 2022

_____
Sunil R. Harjani
United States Magistrate Judge